**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-7180**

─────────────

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

        v.

JOHN STEPHENSON,

                Respondent - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:12-hc-02022-BR)

─────────────

Submitted:  January 31, 2013        Decided:  February 13, 2013

─────────────

Before MOTZ, KING, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Joseph Bart Gilbert, Assistant Federal Public Defender, Diana H. Pereira, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Jennifer D. Dannels, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Stephenson appeals the district court's order committing him to the custody of the Attorney General in accordance with 18 U.S.C. § 4246(d) (2006). Finding no reversible error, we affirm.

A person may be committed under § 4246 if the district "court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The Government must establish dangerousness under § 4246 by clear and convincing evidence. Id. The district court's finding that the Government has established dangerousness by clear and convincing evidence will not be overturned on appeal unless it is clearly erroneous. United States v. LeClair, 338 F.3d 882, 885 (8th Cir. 2003); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

In 2010, Stephenson came to the attention of police in Hillsdale, Michigan after a manager of a local convenience store reported that Stephenson made a threat in the store to "kill thousands" and that "Washington and Obama are going down." Agents with the United States Secret Service and the Federal Bureau of Investigation interviewed Stephenson at his residence prior to a scheduled visit in Michigan by the President and

2

observed large quantities of ammunition. Body armor and thousands of rounds of ammunition were subsequently recovered from the residence. Following his indictment in the Western District of Michigan on one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), Stephenson was found not competent to stand trial. A magistrate judge later rejected the Government's request to medicate Stephenson against his will and ordered that he be evaluated to determine whether he was suffering from a mental disease or defect such that his release from the Federal Medical Center in Butner, North Carolina ("FMC Butner") would create a substantial risk of bodily injury to another person or serious damage to the property of another.

In 2011, a panel consisting of three FMC Butner staff members issued a report concluding that Stephenson suffers from Delusional Disorder, Mixed Type, and that this mental illness was such that Stephenson's release would pose a substantial risk of bodily injury to another person or serious damage to the property of another. Based on the report, the warden filed a certificate of mental disease or defect and dangerousness.

At a hearing on the certificate, Hayley Blackwood — one of the three FMC Butner staffers who signed the report and the one who diagnosed Stephenson — testified as an expert in the field of forensic psychology. Blackwood expressed her expert

3

opinion that Stephenson would be substantially dangerous if released. Her opinion was based on: Stephenson's disorder; his lack of insight into the nature of his mental illness and unwillingness to comply with treatment offered to him; his past training regarding and access to weapons and his lack of understanding that he was prohibited from possessing weapons or ammunition; his history of making violent threats related to his illness; his impulsive behavior; the nature of the social support he would receive in the community; and the results of a clinical risk management assessment tool indicating Stephenson presented a "moderate to high" risk for future violence.

Stephenson presented the testimony of psychiatrist Dr. Graddy. Dr. Graddy — who testified as an expert in the field of forensic psychiatry — expressed his expert opinion that, although Stephenson had several risk factors for future dangerousness, his social support in the community would adequately mitigate against these risk factors, such that his risk of dangerousness to others was low. The district court accepted the opinion of Ms. Blackwood and issued an order finding the existence of clear and convincing evidence that Stephenson suffered from a mental disease or defect and that, as a result of his mental illness, there was clear and convincing evidence that Stephenson's release would pose a substantial risk of bodily injury to another person or serious damage to the

4

property of another.  Therefore, the district court ordered Stephenson committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4246(d).

Ms. Blackwood's expert opinion on dangerousness was cogent, reasoned, and grounded in factors specific to Stephenson's risk of behaving violently in the future and was based on a review of a plethora of forensic, health, and legal records and a multi-month course of observation, interviews, and testing.  If the district court credited Blackwood's opinion over that given by Dr. Graddy, it alone was sufficient to establish Stephenson's dangerousness by clear and convincing evidence.  On appeal, Stephenson implicitly challenges Blackwood's credibility by challenging the basis for some of her conclusions and comparing her credentials with those of Dr. Graddy.  Here, however, the district court had before it the testimony of two experts who drew opposing conclusions regarding Stephenson's risk of future dangerousness.  To reach its conclusion based on clear and convincing evidence, the court had to accept one opinion and discount the other.  Where a finder of fact observes a witness, its credibility determinations ordinarily are not disturbed on appeal.  Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985); Evergreen Int'l, S.A. v. Norfolk Dredging Co., 531 F.3d 302, 308 (4th Cir. 2008); United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987)

5

(per curiam). The district court found Ms. Blackwood credible, and it based its commitment order on that determination.

Stephenson argues that his substantial dangerousness was not established by clear and convincing evidence because there exists in the record no documented history that he engaged in "physically aggressive behavior" or "acted out violently" on his delusional beliefs and because Dr. Graddy found that protective factors present in his life overcame any risk factors for future violence. We reject these arguments as meritless. As Stephenson acknowledges, overt acts of violence are not required to prove substantial dangerousness in a § 4246(d) case. United States v. Williams, 299 F.3d 673, 677 (8th Cir. 2002). Further, the arguments ignore Ms. Blackwood's testimony concerning Stephenson's violent threats and physically aggressive behavior related to his mental illness, his unwillingness to utilize health resources made available to him, and her opinion on the nature of his social support system in the community. Moreover, the arguments effectively ask this court to overturn the district court's conclusions regarding Blackwood's dangerousness opinion in favor of that given by Dr. Graddy. In light of the great deference on appeal this court affords to credibility determinations, these efforts must fail.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED